PER CURIAM.
We affirm Mr. Garcia’s orders of revocation of probation in case numbers 92-0775 and 97-2312. We affirm his conviction in case number 98-0560 and the sentence of time served in that case. In case numbers 92-0775 and 97-2312, we affirm the sentences to the extent that they each impose two years’ imprisonment to be served concurrently.
All parties appear to agree that the two days of credit for time served specified in the sentences in case numbers 92-0775 and 97-2312 are insufficient. This issue was preserved at sentencing. A proper award cannot be divined from this confus *1157 ing record. The State does not object to a proper award of credit for time served and does not argue that the Department of Corrections will have the ability to resolve this matter administratively. Moreover, it appears from Mr. Garcia’s pro se filing that he was not transferred to the Department of Corrections immediately after sentencing in late October 1998, but remained in the Collier County Jail until as recently as June 1999. This may relate to a misdemeanor sentence not contained within this record.
Accordingly, we reverse the sentences in case numbers 92-0775 and 97-2312 to the extent that they fail to award proper credit for time served. On remand, the trial court shall make a proper determination of credit for time served. In so doing, the trial court shall also determine the reason for Mr. Garcia’s delayed transfer to the Department of Corrections and determine whether that delay has any impact on these sentences.
Affirmed in part, reversed in part, and remanded.
ALTENBERND, A.C.J., and NORTHCUTT and SALCINES, JJ., Concur.